Dear Mr. Speed:
You have requested an opinion of the Attorney General's Office regarding the St. Helena Parish Police Jury purchasing a plaque for the St. Helena Parish Courthouse. You state that at the January 26, 1993 meeting of the Police Jury the Eunice Paddio Johnson Foundation's founder, Mrs. Eunice Paddio Johnson, requested that the Police Jury consider purchasing a plaque for the courthouse, whereon would be inscribed the names of honorees of the said Foundation. While ownership of the plaque will vest in the Police Jury, the Foundation is a non-profit civic and benevolent corporation that operates totally in the private sector.
In your letter, you expressed concern that such an expenditure may constitute a violation of Article VII, Section14 of the 1974 Louisiana Constitution.
Article VII, Section 14 (A) of the Louisiana Constitution (1974) provides the following with regard to public funds:
 "Except as otherwise provided by this Constitution, the funds, credit, property or things of value of the State or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The Supreme Court in adopting the jurisprudence interpreting an identical provision of the 1921 Constitution, has interpreted Section 14(A) to be violated "whenever the State or the political subdivision seeks to give up something of value when it is under no legal obligation to do so." City of Port Allen v. Louisiana Risk Management, Inc., et al, 439 So.2d 399,401 (La. 1983).
This requirement of a legal obligation to expend funds is the threshold but not the only predicate for the constitutionality of the expenditure. The expenditure must also be for a public purpose and create a public benefit proportionate to the cost. A public purpose and benefit is always presumed where the legal obligation to expend the funds is established by constitution or a statutory mandate. To enjoy this presumption, the legal authorization must be an obligation or a public duty authorized by law. In other words, the purpose and power for the expenditure must be sanctioned by laws. The public officer or entity acts as an instrument of the law, and pursuant to the authority granted by law rather than his or its perception of the public good.
To allow unrestricted expenditures of public funds by any and all political subdivisions, public agencies, entities or officers, as long as these entities or persons can imagine some species of "public good" or "public benefit" resulting therefrom, would be to authorize a fragmentation and incoherence in fiscal policy at all levels of state government. This, Article VII, Section 14 seeks to prevent by requiring valid legal authority (even at the contractual level) for all alienation of public funds.
The effect of Art. VII, Sec. 14, as interpreted by the Supreme Court and the Attorney General, is to give further constitutional protection and definition to the plenary power of the legislature over the public fisc, and to insure that political subdivisions conform to statewide general fiscal policy rather than formulated on the basis of local expediency within their own territorial jurisdictions. The integrity of the legislative constitutional power over the public fisc is, therefore, sustained by a statewide constitutional norm requiring a legal obligation for public expenditures that is either ordained by law, by the Legislature or constitution, or authorized (i.e., power to contract) by the same source of law.
The plaque, in question, will cost approximately five hundred dollars and will contain the names of the "Citizen of the Year." While the purchase of the plaque would certainly be commendable, this office finds no legal obligation or duty upon the police jury to expend funds for this purpose. The fact that the ownership of the plaque would vest in the police jury does not cure the unconstitutionality of the expenditure.
On the other hand, we see no legal prohibition against the Foundation purchasing the plaque and the police jury placing it in the courthouse. The decision to place plaques on public property must lie solely within the sound discretion of the police jury. You may wish to recommend that the police jury implement a formal policy regarding this matter to avoid allegations of discrimination and/or denial of equal protection from other private organizations which may make similar requests.
If we can be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0066R